EDWIN CHATHAM V. THE STATE.

No. 15596. Delivered February 1, 1933.
Reported in 56 S. W. (2d) 871.

The opinion states the case.

*Rowell & Rowell,* of Jefferson, for appellant.

*Lloyd W Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for child desertion; punishment, a fine of $100 and three months in the county jail.

We find in the record no statement of facts, in the absence of which it is impossible for us to appraise the matters complained of in bills of exception 1, 2, and 3, and the applicability

of requested charges, the complaints set forth being dependent on the facts which might have appeared in the case.

In his amended motion for new trial appellant set up that the testimony of his daughter Imogene, one of the children alleged to be deserted, was newly discovered. It further appears from said motion that Imogene was present at court at the time of appellant's trial, and hence necessarily subject to the jurisdiction of the court, and usable as a witness for appellant had he desired and made reasonable effort to obtain said testimony. It is stated in the motion that her mother was unwilling for her to testify, and that said mother would not permit the witness to talk to appellant's attorney. It was wholly within the power of the trial court, upon a sufficient showing, to compel the mother of Imogene to permit her to talk to said attorney, and also her use in appellant's behalf as a witness. We are thus led to believe the testimony referred to not newly discovered within the meaning of that term as used in our statutes referring to the granting of a new trial. It should also be stated that, in the absence of a statement of facts, the materiality of the testimony attributed to such witness does not sufficiently appear. The facts before the trial court and the jury, even when viewed in the light of said alleged newly discovered evidence, might have been entirely sufficient. Many things appear in appellant's brief which are appealing, but, insofar as they relate to the movements of appellant, or his condition at the time, or the circumstances surrounding appellant at the time of the alleged desertion, we can not consider them in the absence of a statement of facts.

The judgment of the trial court will be affirmed.

*Affirmed.*